*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00136-CV

Don A. **PAYNE**,
Appellant

v.

**CENTER FOR HEALTH CARE SERVICES**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-10811
Honorable Martha Tanner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   September 10, 2008

AFFIRMED

This is an appeal from the trial court's order granting appellee's plea to the jurisdiction. We

affirm.

### BACKGROUND

In the underlying lawsuit, Don Payne sued the Center for Health Care Services ("CHCS")

for alleged violations of Texas Health and Safety Code section 241.152, which with exceptions not

applicable here provides as follows: "a hospital or an agent or employee of a hospital may not

disclose health care information about a patient to any person other than the patient or the patient's

legally authorized representative without the written authorization of the patient or the patient's legally authorized representative."[1] TEX. HEALTH & SAFETY CODE ANN. § 241.152(a) (Vernon 2001). "A patient aggrieved by a violation of this subchapter relating to the unauthorized release of confidential health care information may bring an action for: (1) appropriate injunctive relief; and (2) damages resulting from the release." *Id.* § 241.156(a). In his lawsuit, Payne alleged an individual working for CHCS improperly disclosed "confidential information much of which was personal in nature and embarrassing." CHCS filed a plea to the jurisdiction on the grounds that it was entitled to immunity. The trial court granted the plea and this appeal by Payne ensued.

## DISCUSSION

On appeal, Payne asserts CHCS is not entitled to immunity because CHCS operates for profit; is an independent entity and not a State entity; and may "sue and be sued" in its own name in any court of this State. Payne's arguments are either not supported by the record[2] or are without merit.

A party suing a governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587

---

[1] Payne also sued for alleged violations of the federal Health Insurance Portability and Accountability Act ("HIPAA") of 1996. However, because no private cause of action exists under HIPAA, *see Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (concluding Congress did not intend for private enforcement of HIPAA), we address only whether CHCS is immune from suit for alleged violations of the Texas Health and Safety Code.

[2] Payne contends CHCS's "Local Plan for Fiscal Year 2004-2005" indicates CHCS is facing a "major critical time" and "a budget shortfall" for which CHCS has instituted "implementation of a fee-for-services model." Payne argues "fees-for-services are geared for profit"; therefore, under Texas Health and Safety Code section 534.001, CHCS is not an entity entitled to governmental immunity. *See* TEX. HEALTH & SAFETY CODE ANN. § 534.001(g) (Vernon Supp. 2007)("An entity is, for the purpose of operating a psychiatric center, a governmental unit and a unit of local government under Chapter 101, Civil Practice and Remedies Code, and a local government under Chapter 102, Civil Practice and Remedies Code, *if the entity: (1) is not operated to make a profit . . . .*") (emphasis added). However, the record contains no evidence that CHCS operates for profit. Payne also contends CHCS is not entitled to immunity because it is an independent entity that acts as a "portal authority" through which "[the Department of Mental Health and Mental Retardation] does business as CHCS in Bexar County" and because CHCS owns property in its own name. Again, the record contains no evidence to support these contentions.

(Tex. 2001).  Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).  In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).

Sovereign immunity protects the State from lawsuits for damages, and encompasses two principles: immunity from suit and immunity from liability.  *IT-Davy,* 74 S.W.3d at 853.  Immunity from suit bars a lawsuit against the State unless the Legislature expressly gives consent.  *Id.* Immunity from liability protects the State from judgments even if the Legislature has expressly given consent to sue.  *Id.*  A party may establish consent by referencing a legislative statute or a resolution granting express legislative permission.  *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  "Legislative consent to sue the State must be expressed in 'clear and unambiguous language.'"  *IT-Davy,* 74 S.W.3d at 854.

CHCS is a mental health and mental retardation center established pursuant to the Texas Health and Safety Code.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 534.001(b); 571.003 (Vernon Supp. 2007).  A community center, such a CHCS, is "an agency of the state" and "a unit of local government" "as defined and specified by Chapters 101 and 102, Civil Practice and Remedies Code."  *Id.* § 534.001(c)(1).  "The purpose of section 534.001(c)(1), as demonstrated by its reference to the Tort Claims Act, is to subject community centers to the limited waiver of sovereign immunity set forth in the Tort Claims Act."  *Brooks v. Center for Healthcare Serv.*, 981 S.W.2d 279,  285 (Tex. App.—San Antonio 1998, no pet.).  The Texas Tort Claims Act ("TTCA") creates a limited waiver of sovereign immunity under three circumstances, only one of which possibly applies here: where the injury was caused by a condition or use of tangible personal or real property.  *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). However, Payne's allegation that CHCS improperly disclosed his medical information does not fall within the limited waiver of immunity under section 101.021 because "information does not constitute tangible personal property and the State has not waived governmental immunity for negligence involving the use, misuse, or non-use of information." *Salas v. Wilson Mem'l Hosp. Dist.*, 139 S.W.3d 398, 403 (Tex. App.—San Antonio 2004, no pet.). Therefore, Payne may not rely on any limited waiver contained in the TTCA for his argument that CHCS is not entitled to immunity.

Payne's reliance on Health and Safety Code section 121.043, which provides that a "public health district may sue and be sued," is also misplaced. *See* TEX. HEALTH & SAFETY CODE ANN. § 121.043(c) (Vernon 2001). In *Salas*, a panel of this court examined Chapter 241 of the Health and Safety Code to determine whether the Legislature intended to waive immunity from suit. *Salas*, 139 S.W.3d at 405-06. The *Salas* court concluded the Legislature intended no such waiver. *Id.* at 406 (noting Chapter 241 "creates a meaningful cause of action against private hospitals, a claim that remains viable even if suit against the government is barred.").

## CONCLUSION

For the above reasons, we conclude the trial court did not err in granting CHCS's plea to the jurisdiction and we affirm the trial court's order.

Sandee Bryan Marion, Justice