[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 28, 2010
JOHN LEY
CLERK

_____

No. 09-15649
Non-Argument Calendar

_____

D. C. Docket No. 08-00927-CV-T-26-MSS

KAMARA CRAWFORD,
OLIVER CRAWFORD, SR.,

Plaintiffs-Appellants,

versus

CITY OF TAMPA,
as a governmental entity,
PAM IORIO,
in her official and individual capacities,
CYNTHIA MILLER,
Department of Growth Management and
Development Services,
THOMAS SNELLING,
Deputy Director, GMDS,
JOHN BARRIOS,
Manager, GMDS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 28, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kamara Crawford appeals *pro se* from the district court's dismissal of several of her employment-based claims under federal and state law and from the district court's subsequent summary judgment ruling in favor of the City of Tampa ("City") on her race discrimination and wrongful termination claims. For the reasons set forth below, we conclude that Crawford properly pled a claim for relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, and the district court therefore erred in dismissing that claim pursuant to Fed. R. Civ. P. 12(b)(6). We find no error, however, regarding the disposition of Crawford's remaining claims and affirm in all other respects.

**I. BACKGROUND**

The City of Tampa employed Crawford from February 1995 through May 24, 2007. Immediately before the City terminated her employment, Crawford began an extended absence from her job, one she claims was necessitated by her

medical condition. The City denied her applications for both prospective and retroactive leave and eventually terminated her employment.

Crawford filed suit against the City and numerous individuals employed by the City, alleging racial discrimination, wrongful termination, and improper disclosure of her private medical information. Crawford's husband joined in the lawsuit, raising a state law claim for loss of consortium. Responding to the defendants' motion to dismiss Crawford's seven-count Third Amended Complaint, the district court dismissed all counts against the individual defendants based on qualified immunity, and dismissed several of Crawford's claims against the City, including her FMLA claim. The district court granted summary judgment on each of Crawford's remaining claims against the City.

## II. STANDARD OF REVIEW

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We review *de novo* a district court's grant of summary judgment. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009).

## III. DISCUSSION

In granting the motion to dismiss Crawford's FMLA claim, the district court

noted that Crawford failed to "allege ever giving notice that she was invoking the FMLA, that she has unused FMLA leave available to her or that she provided the notice required to access that leave." **[R. 53 at 5.]** The district court further observed that Crawford's claims were rooted in terms of racial discrimination, a motivation inapposite to the rights protected under the FMLA. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (explaining the interference and retaliation claims recognized under 29 U.S.C. § 2615); *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001) (holding that an FMLA plaintiff "does not have to allege that his employer intended to deny the right; the employer's motives are irrelevant").

We have noted that, in stating a claim for interference under the FMLA, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." *Strickland*, 239 F.3d at 1206–07. Furthermore, "[t]he Code of Federal Regulations makes clear that an employee taking unforeseeable leave need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." *Id.* at 1209 (internal quotation marks omitted). "Once an employee taking unforeseeable leave informs his employer that potentially FMLA-qualifying leave is needed, the regulations place on the employer the burden of ascertaining whether the employee's absence

4

actually qualifies for FMLA protection." *Id.*

The language from our decision in *Strickland* indicates that the district court imposed too high a pleading obligation in this case. Here, the complaint alleges that Crawford was eligible for benefits under the FMLA **[R. 49 at 6–7, ¶¶ 38–39.]** and requested leave for medical reasons. **[R. 49 at 9, ¶¶ 45–47.]** Crawford need not have specifically invoked the FMLA to preserve her statutory rights, and a failure to so allege does not warrant dismissal.

We agree with the district court, however, that Crawford's race discrimination claims fall short because she failed to identify appropriate comparators whose treatment would indicate race-based disparity. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."). Likewise, we agree that no private right of action exists under the Health Insurance Portability and Accountability Act. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). We additionally find no facts in the complaint to support Crawford's claims of gender and age discrimination.

We conclude that Crawford's claim of wrongful termination also lacking in facts sufficient to support a prima facie case of discrimination. We additionally

5

reject Crawford's contention that the district court afforded her insufficient time to conduct discovery and inadequate notice of its consideration of the motion for summary judgment, as the record reveals that the district court afforded her ample opportunity and notice.

We note finally that the City has defended against the loss of consortium claims raised here by emphasizing that, under Florida law, all loss of consortium claims are derivative. *See ACandS, Inc. v. Redd*, 703 So. 2d 492, 493–94 (Fla. Dist. Ct. App. 1997). As the City therefore admits, the loss of consortium claim exists alongside only viable claims—it must survive so long as Crawford has claims pending against the City.[1]

## IV. CONCLUSION

We commend the district court's efforts to decide this case on its legal merits instead of technical pleading deficiencies. The district court's familiarity with the essential racial discrimination claims of the complaint make its oversight of the sufficiently pled FMLA claim understandable. Nevertheless, that claim, and its arguably derivative loss of consortium claim, should not have been dismissed at

---

[1] We express no opinion about the availability of a loss of consortium claim for a violation of a spouse's federal statutory rights under Florida law, as the parties have not briefed the issue. The district court considered the question and concluded that it was "beneficial to permit the consortium claim to proceed to resolution on the merits." **[R. 61 at 5.]** We see no harm in temporarily abstaining from addressing the state law question on the possibility that the merits resolution will moot the issue.

the pleadings stage. The district court correctly disposed of the remaining claims in this case.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**