NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011[*]
Decided May 4, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3176

| | |
|---|---|
| JERMAINE D. CARPENTER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 10-3180 |
| | |
| LARRY J. PHILLIPS, | Harold A. Baker, |
| Program Director, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Jermaine Carpenter, a pretrial detainee under the Illinois Sexually Violent Persons Act, 725 ILCS 207/1, appeals the dismissal of his complaint alleging violations under the Constitution and the Health Insurance Portability and Accountability Act of 1996 (HIPPA), Pub. L. No. 104-191, 110 Stat. 1936 (1996). We affirm.

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining these materials, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Carpenter has been detained at the Rushville Treatment and Detention Center without the benefit of any proceedings since his release from prison. He challenges not his detention, but the stigmatizing effects of the stamp that the facility affixes to his outgoing mail—which reads "sexually violent persons treatment center." Carpenter sued the facility's program director, Larry Phillips, alleging that the stamp violated his privacy rights under the Constitution and HIPPA. The district court dismissed the complaint under 28 U.S.C § 1915(e)(2), explaining that "it could not discern any federal constitutional right that the stamp violates" and that HIPPA did not provide a private right of action.

Carpenter's argument on appeal is difficult to pin down, but he seems to argue that the stamp stigmatizes him in violation of his Fourteenth Amendment rights. He says, for instance, that he has been branded as "sexually violent person" even though he "has not had a trial or been committed as a [sexually violent person]." This is essentially a defamation claim, however, and Carpenter's interest in his reputation, by itself, is not protected by the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *Brown v. City of Michigan City*, 462 F.3d 720, 730-31 (7th Cir. 2006); *Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006). Moreover, there is no suggestion here that the stamp infringes on any recognized liberty interest, such as an interest in employment, *see Brown*, 462 F.3d at 730, or against the obligations attendant to sex offender registration, *see Gwinn v. Awmiller*, 354 F.3d 1211, 1223-24 (10th Cir. 2004). Thus, the district court correctly concluded that the allegations did not state a claim.

To the extent that Carpenter reasserts a claim under HIPPA, the district court correctly concluded that such a claim was not congizable because HIPPA does not furnish a private right of action. *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006*); see also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 1534 (2011); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).

AFFIRMED.