[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11132
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03437-TWT

WAYNE E. BRADLEY,

Plaintiff-Appellant,

versus

PFIZER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 9, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Wayne Bradley appeals the district court's grant of summary judgment in

his counseled employment discrimination suit against Pfizer, Inc. ("Pfizer").

Bradley was born in 1951 and has worked for Pfizer since 1991. His allegations of employment discrimination arose because he was not selected for either of two open Employer Medical Outcome Specialist ("EMOS") positions for which he applied in 2007, with the positions going to younger individuals.

Bradley raised numerous causes of action in the district court, including: (1) discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq*.; (2) retaliation under the ADEA; (3) hostile work environment or harassment because of his age; (4) invasion of privacy; and (5) intentional infliction of emotional distress. On appeal, Bradley has waived his hostile work environment claim by omitting the issue from his brief. Accordingly, we address only his four remaining claims.

## I. Standard of Review

We review *de novo* a grant of summary judgment, applying the same substantive law as the district court. *Durr v. Shinseki*, 638 F.3d 1342, 1346 (11th Cir. 2011). Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007); Fed. R. Civ. P. 56(a).

If the non-moving party fails to make a sufficient showing as to any

essential element of his case on which he has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

## II. ADEA Discrimination

Bradley argues that the district court committed four "glaring" errors in granting summary judgment to Pfizer on his age discrimination claim. First, Bradley contends that he presented direct evidence of age discrimination because he alleged that Dr. Ivan Levinson, the hiring manager, told Bradley during a preliminary interview that he did not sound like a "spring chicken." Second, Bradley contends that, under the applicable *McDonnell-Douglas*[1] standard for the circumstantial evidence, he established a *prima facie* case of age discrimination, and Pfizer failed to rebut the resulting presumption of discrimination. Third, Bradley argues that there is a jury question on whether Pfizer's stated reasons for

---

[1]     *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).

not hiring Bradley were pretextual, because reasonable jurors could conclude that Bradley would have been selected for the position "but for" his age. Finally, he asserts that there was a genuine issue of material fact in his case because the magistrate had recommended not granting summary judgment on this claim.

The ADEA makes it unlawful to discriminate on the basis of age against an employee who is at least 40 years old. *See* 29 U.S.C. §§ 623(a), 631(1). A plaintiff may support his claim of discrimination with either direct or circumstantial evidence. *See Pace v. Southern Ry. Sys*., 701 F.2d 1383, 1388 (11th Cir. 1983). Direct evidence of discrimination is evidence which conclusively shows that an employee was discriminated against, without any inference or presumption. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004). "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Id*. (quotation omitted).

Where the plaintiff has submitted solely circumstantial evidence of discrimination, we may employ the *McDonnell-Douglas* framework for ADEA claims. *See Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). Under the *McDonnell-Douglas* framework, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *Crawford*, 482 F.3d at

1308. Once the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If the employer does so, the presumption of discrimination is rebutted, and the burden of production shifts back to the plaintiff to offer evidence that the employer's alleged reason was pretext for unlawful discrimination. *Id.*

The employer's burden under the second prong of the test is "exceedingly light" and merely requires that the employer proffer a legitimate nondiscriminatory reason. *Meeks v. Computer Assocs. Intern.*, 15 F.3d 1013, 1019 (11th Cir. 1994). To meet his burden under the third part of the test, the plaintiff must disprove all legitimate nondiscriminatory reasons proffered by the employer. *Crawford*, 482 F.3d at 1308. Proof of discriminatory animus does not prove pretext unless it disproves the legitimate nondiscriminatory reason proffered by the employer. *Id*. at 1309.

In *Gross*, the Supreme Court ruled that a plaintiff bringing an age discrimination claim under the ADEA must show that age was the "but-for" cause of the complained of employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. ___, 129 S. Ct. 2343, 2350, 174 L.Ed.2d 119, 129 (2009). In other words, the plaintiff must show "that age was the 'reason' that the employer decided to act." *Id*. at ___, 129 S. Ct. at 2343, 174 L.Ed.2d at 128. Also, "statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself" are not direct

evidence of improper discrimination. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S. Ct. 1775, 1804-05 (1989) (O'Connor, J., concurring).

Bradley's only alleged direct evidence supporting his claim of age discrimination is the "spring chicken" remark he claims Dr. Levinson made during a preliminary phone interview. However, the record shows that Dr. Levinson actually selected Bradley to continue on to the final round of interviews. Additionally, Dr. Levinson did not participate in the final interviews or ultimate hiring decisions. Even if Dr. Levinson was exhibiting bias, Bradley has presented no evidence showing that this discrimination actually led to his failure to receive the promotion. Therefore, he does not have direct evidence of discrimination and must rely on the *McDonnell-Douglas* framework for circumstantial evidence.

Pfizer conceded that Bradley could establish a prima facie case of age discrimination, thus shifting the burden to Pfizer to articulate some legitimate, nondiscriminatory reason for not promoting him. *McDonnell-Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. Pfizer met its "exceedingly light" burden of articulating a legitimate reason for selecting two other candidates, when it came forward with evidence that it chose the two people who scored highest overall during the final interviews. *See Meeks*, 15 F.3d at 1019.

In this case, Bradley failed to rebut Pfizer's proffered reason with any

probative evidence. As discussed above, the remark allegedly made by Dr. Levinson has no causal link to Bradley's failure to obtain the promotion, and Bradley's only other evidence offered was that the final interviewers gave inconsistent testimony on the scoring methods and precise scores of the final interviewees. Bradley does not provide evidence that the methods were a subterfuge for discrimination, or that they demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" with Pfizer's explanation that they should be "unworthy of credence." *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1333 (11th Cir. 1998). The final interviewers agreed that their composite scores showed Bradley scoring fourth highest out of five interviewees, with the two highest candidates being awarded the open positions.

Therefore, Bradley failed to show that a reasonable jury could find that Pfizer's stated reason for not hiring Bradley was pretext for unlawful discrimination. *See Crawford*, 482 F.3d at 1308-09. Similarly, Bradley failed to show that his age could have been the "but-for" reason for not selecting him for the EMOS position. *See Gross*, 557 U.S. at ___, 129 S. Ct. at 2350, 174 L.Ed.2d at 129.

The fact that the magistrate and district court disagreed on whether to grant summary judgment on this claim does not establish a genuine issue of material fact

precluding summary judgment. Whether Pfizer had met its burden was a question of law which we review *de novo*. Accordingly, the district court properly granted summary judgment on Bradley's age discrimination claim.

### III. ADEA Retaliation

Bradley argues that he faced retaliation for filing a complaint of age discrimination with the EEOC. He argues that Pfizer issued a "legal hold" on his company-issued laptop and improperly copied its contents, and that Pfizer employees shunned him at conferences.

A plaintiff may establish a prima facie case of retaliation under the *McDonnell-Douglas* framework by demonstrating that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) the adverse action was causally related to his protected activity. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). To establish a materially adverse action, a plaintiff must show that the action might well have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L.Ed.2d 345, 359 (2006).

In this case, Bradley failed to make out a *prima facie* case of retaliation. Bradley acknowledged that legal holds were common whenever Pfizer was in a

potential lawsuit and that he had received about a dozen of these notices while working at Pfizer. Also, as discussed *infra*, Pfizer did not unlawfully invade Bradley's privacy by copying the contents of the laptop because it was owned by Pfizer and the copying was done in order to preserve evidence.

As to his claim that certain Pfizer employees "shunned" him at meetings, Bradley himself acknowledged that he could not document this action and that he was not sure why they did not want to engage in conversation with him. Bradley has identified no materially adverse actions taken by Pfizer because of Bradley's EEOC complaint. Accordingly, the District Court properly granted summary judgment to Pfizer on this claim.

## IV. Invasion of Privacy

Bradley argues that Pfizer violated his right of privacy by unlawfully disclosing his medical records to unauthorized third parties in violation of Georgia law and the Health Insurance Portability and Accountability Act ("HIPAA"), 29 U.S.C. § 1181 *et seq*.

Under Georgia law, the right of privacy may be waived, either expressly or impliedly. *Canziani v. Visiting Nurse Health Sys., Inc.*, 271 Ga. App. 677, 679, 610 S.E.2d 660, 663 (Ga. App. 2005). In addition, though we have never addressed the issue, the Fifth Circuit and numerous district courts have concluded

that there is no private right of action for a violation of HIPAA's confidentiality provisions. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006).

Bradley's allegation of invasion of privacy appears to be based on the fact that Pfizer's "legal hold" on Bradley's company-issued computer included the copying of its hard drive's contents, which contained his medical records.

However, Bradley acknowledged that, because of corporate policy of which he was fully aware, he had no expectation of privacy in any material he placed on his company-issued laptop. Indeed, Bradley conceded that he did not know whether Pfizer had actually disclosed his confidential information to others. Additionally, Pfizer was copying the laptop solely to retain evidence related to Bradley's own claim against the company. Accordingly, Bradley's invasion of privacy claim fails.

## V. Intentional Infliction of Emotional Distress

Bradley argues that summary judgment on his intentional infliction of emotional distress claim was improper because a jury could reasonably conclude that the hiring manager's behavior–lying about the candidates' scores to cover up his age discrimination towards Bradley–constituted outrageous conduct.

To recover on an intentional infliction of emotional distress claim in Georgia, a plaintiff must show: (1) the defendant's conduct was intentional or

10

reckless; (2) the defendant's conduct was extreme and outrageous; (3) the wrongful conduct caused the emotional distress; and (4) the emotional harm was severe. *See Canziani*, 271 Ga. App. at 679, 610 S.E.2d at 662. Extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga. App. 227, 230, 335 S.E.2d 445, 448 (1985).

Bradley provided no probative evidence to support his claim that the hiring manager engaged in a cover-up about the candidates' scores. Even if his claims were substantiated, there is no evidence that this behavior was so extreme and outrageous that no reasonable person could endure it. Accordingly, all of Bradley's claims fail, and we affirm the district court's grant of summary judgment in favor of Pfizer.[2]

**AFFIRMED.**

---

[2] We also deny Bradley's request for oral arguments.