# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50355

JOE CARPENTER,

Plaintiff-Appellant

v.

FNU ARREDONDO, #0434 San Antonio Police Department,

Defendant-Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2018

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-188

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

In connection with his appeal of the dismissal of his 42 U.S.C. § 1983 action against San Antonio Police Department officer Hector Arredondo, Joe Carpenter, Texas prisoner # 510275, moves this court for leave to proceed in forma pauperis (IFP) as well as for appointment of counsel. Carpenter alleges that Arredondo violated his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and Texas law by writing in a police report that Carpenter is HIV positive. In denying Carpenter IFP status, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50355

court certified that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

We find no abuse of discretion in the district court's certification.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  In his cursory IFP motion, Carpenter notes only that his challenge to the denial of § 1983 relief involves new evidence and witnesses.  This does not suffice to show that his appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Accordingly, we deny leave to appeal IFP.

In addition, because the merits of Carpenter's appeal "are so intertwined with the certification decision as to constitute the same issue," we dismiss the appeal sua sponte as frivolous.  *Baugh*, 117 F.3d at 202 & n.24; *see Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.  We have previously held that "there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction" over such claims.  *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006).  To the extent Carpenter relies on Texas law concerning HIPAA compliance, the relevant state statute likewise precludes a private cause of action for violations of medical record privacy laws.  *See* TEX. HEALTH & SAFETY CODE ANN. § 181.201(a).  Thus, even taking Carpenter's factual allegations as true, they do not assert an actionable claim for § 1983 relief.

Finally, because we dismiss Carpenter's appeal as frivolous, there is no basis for appointing appellate counsel.  Accordingly, we deny the motion for appointment of counsel.

The dismissal of Carpenter's § 1983 complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Accordingly, Carpenter is WARNED that if he accumulates three

2

No. 17-50355

strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP STATUS DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; WARNING ISSUED.