**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2552
_____

ASIA JOHNSON,
                              Appellant

v.

WPIC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00422)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 26, 2018
Before:  MCKEE, COWEN, and ROTH, Circuit Judges

(Opinion filed: October 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Asia Johnson, proceeding pro se and in forma pauperis, appeals from the District

Court's order dismissing her complaint.  For the reasons detailed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Johnson sued defendant Western Psychiatric Institute & Clinic (WPIC), a hospital affiliated with the University of Pittsburgh, alleging that an unspecified employee sexually harassed her, WPIC refused to do anything about it, and an unspecified, intoxicated WPIC employee gave some information about Johnson to people in a bar. Compl. at 5. She left the "Relief" section of her complaint completely blank, and she did not cite specific statutes under which she sought relief.

After granting Johnson's request to proceed in forma pauperis, the District Court screened the complaint under 28 U.S.C. § 1915. Although the District Court questioned whether it had subject matter jurisdiction, the District Court ultimately liberally interpreted the complaint to include a civil rights claim under 42 U.S.C. § 1983 and a possible claim under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6. After examining Johnson's complaint, the District Court concluded that it must be dismissed for a variety of reasons, including that Johnson had not adequately pleaded Monell liability,[1] that WPIC is entitled to immunity under the Eleventh Amendment, and that there is no private right to recovery under HIPAA. The District Court dismissed the complaint sua sponte and stated that amendment would be futile. Johnson appeals.

_____

[1] Monell holds "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court's disposition of this case. Even assuming that WPIC is not entitled to Eleventh Amendment immunity,[2] cf. Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 103 (3d Cir. 1984) (concluding that the University of Pittsburgh is entitled to Eleventh Amendment immunity), and is a "person" subject to suit under § 1983, Johnson has not adequately pleaded a claim under § 1983. If Johnson's complaint is liberally construed, she relies on a respondeat superior theory to impose municipal liability on WPIC, which the District Court correctly ruled inadequate to state a § 1983 claim. See Monell, 436 U.S. at 691; see generally Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Further, as the District Court explained, HIPAA does not create a private right of action. See, e.g., Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006).[3]

---

[2] We have explained that "a court may reserve judgment on Eleventh Amendment issues even when advanced by a state where it can resolve the case on other grounds and the prevailing party on the merits would be the same as the prevailing party if immunity were recognized." Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F.3d 402, 418 (3d Cir. 2003).

[3] Johnson has not challenged either of these legal conclusions in her brief, and has therefore likely waived any objection to the District Court's judgment. See, e.g., Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). She also raises no challenge to the District Court's conclusion that amendment would be futile. Even if she had, given the allegations in her complaint and the additional information she provides about her claims in her brief on appeal, it appears

In her brief on appeal, Johnson asserts new claims under unspecified "sexual assault laws" and Title VII. However, this Court will not consider issues raised for the first time on appeal. Harris v. City of Phila., 35 F.3d 840, 845 (3d Cir. 1994). Moreover, these additional claims amount to bare allegations against WPIC without "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

For the foregoing reasons, we will affirm the judgment of the District Court.

---

that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).