HINTON *v.* BRYANT.

5-2961                                          367 S. W. 2d 442

Opinion delivered May 13, 1963.

*Duty & Duty,* for appellant.

*Davis & Mills,* for appellee.

Ed. F. McFaddin, Associate Justice. This is the second appearance of this case in this Court. The first appeal is *Hinton* v. *Bryant*, 232 Ark. 688, 339 S. W. 2d 621; and reference is hereby made to that opinion for the background facts. On the first appeal we held that certain platform scales were realty and passed with the transfer of the land, but that improper evidence had been introduced: so we remanded the cause for a new trial, and we took occasion to remark:

"The appellant also complains that the appellees failed to show that he is legally responsible for the removal of the scales, which were taken away by third persons not parties to this suit. We do not find it necessary to reach this question. Owing to the error indicated[1] the case must be retried, and upon a new trial the plaintiffs may offer additional evidence tending to fix responsibility upon the appellant . . ."

On the new trial, the Circuit Court — a jury being waived — rendered judgment for Bryant for $595.00; and from that judgment Hinton gave notice of appeal and designated a partial record and a definite point, as follows:

"Come now the defendants and designate as the record on appeal herein all the testimony and exhibits thereto of James B. Bryant and also all the testimony and exhibits thereto of W. L. Hinton, together with all the pleadings and judgment of the Court in this cause.

"The point to be argued on appeal in this cause is the sole question of whether or not W. L. Hinton is liable to the plaintiffs under the testimony of James B. Bryant and Walter L. Hinton. The question of the amount of damages and value of the scales will not be a point in the appeal."

Bryant made no additional designation; so we have before us now only the testimony of Bryant and Hinton in the designated point of whether Hinton is liable.[2] Since

---

[1] That is, as to admission of evidence regarding damages.

[2] Bryant alleged in the complaint that Hinton: ". . . fifteen (15) months after delivery of said lands to these plaintiffs, unlawfully and without authority sold and delivered said scales to Tyson's Poultry,

no additional portions were designated by appellee, we decide the question on the designated record before us. *Manila School Dist.* v. *Sanders,* 226 Ark. 270, 289 S. W. 2d 529; *Kimery* v. *Shockley,* 226 Ark. 437, 290 S. W. 2d 442. Bryant testified that he purchased a 10-acre tract from Hinton by deed dated January 4, 1958, and the platform scales were then attached to the premises; that he rented the premises to Hinton for a short time; that later he acquired possession of the premises; that after he acquired possession of the premises the scales were removed without his consent; and that the damages to the premises amounted to $2,000.00. Bryant did not testify as to who removed the scales.

Hinton testified: that he sold the land to Bryant; that he sold the scales to Tyson Feed & Hatchery for $250.00 during the time he had the land rented; that he ended his rental contract and delivered possession of the premises to Bryant on March 1, 1960; that the scales were still on the premises when he delivered possession to Bryant; and that the scales were removed by Capitol City Scale Company after Bryant went into possession of the land. The original check from Tyson Feed & Hatchery to W. L. Hinton for $250.00 was introduced in evidence. It is dated April 21, 1959, and Hinton testified that the check represented the amount for which he sold the scales to Tyson. Just why Tyson did not remove the scales when he purchased them is not shown; nor is it shown that Tyson had anything to do with the removal of the scales by Capitol City Scale Company. Here is Hinton's testimony:

"Q. Mr. Hinton, you testified that you didn't deliver any scales to Tyson?

A. No.

---

Inc., by bill of sale containing covenant of general warranty, dated the 21st day of April, 1959; that on or about the 12th day of June, 1959, Tyson's Poultry, Inc., acting on the authority of said bill of sale, entered upon the property of these plaintiffs, took possession of and carried said scales away." Hinton's answer was: "That the defendants deny each and every material allegation contained in the complaint of the plaintiffs." So Bryant had the burden of proving his allegations.

580

Q. It has been testified by Mr. Bryant that the scales were taken away from his property. Were you there when they were taken away?

A. Well, I wasn't in possession of the property, no, sir.

Q. Do you know who took them away?

A. Yes.

Q. Who was it?

A. The Capitol Scale Company in Little Rock.

Q. How do you know that?

A. I saw them. In passing by there, I saw them taking the scales out.

Q. That's all you know about it?

A. Well, yes, that's all I know. Mr. Bryant was present there at the time.

Q. I say, is that all you know about the removal of the scales?

A. Yes, that's all I know.

Q. Did you authorize anybody to remove the scales?

A. No, sir . . .

Q. Did you ever sell, or deal, any with the Capitol City Scale Company?

A. No.

Q. Did you sell them the scales?

A. No.

Q. Did you have any dealings with them whatsoever?

A. No, sir."

Giving all possible inferences which the trier of the facts was privileged to draw, we still have a situation before us in which the record shows that Hinton sold the scales to Tyson for $250.00 and that after Bryant went

into possession of the land the scales were removed by the Capitol City Scale Company. There is absolutely nothing in the record before us to show that the sale of the scales by Hinton to Tyson caused, or resulted in, the removal of the scales by the Capitol City Scale Company. There is no testimony in the record before us to show that the sale of the scales by Hinton to Tyson was the cause of, or resulted in, the Capitol City Scale Company removing the scales from the land. That is the fatal "gap" in the testimony before us.

We have a wealth of cases in Arkansas which hold that one who sells property from the land of another and *causes the property to be removed* is liable for trespass. One of the leading cases is *Hendrix* v. *Black,* 132 Ark. 473, 201 S. W. 283, L. R. A. N. S. 1918 D 217. There Black owned the land on which Hendrix had a void tax deed. Hendrix executed a timber deed to Edwards, who, under the timber deed, entered on Black's land and cut the timber. Black recovered against Hendrix and we affirmed, saying:

"In short, the facts fully justified the chancellor in finding that the acts of Edwards under the circumstances were trespasses upon the appellee's land; that these acts of Edwards were also the acts of the appellant and that the appellant through Edwards committed the trespass upon the appellee's land. 'Those who authorize the commission of a trespass are equally responsible as those by whose acts the trespass is committed.' *State of Maine* v. *Jesse S. Smith and others,* 78 Maine, 260."

Likewise, in *Lewis* v. *Phillips,* 223 Ark. 380, 266 S. W. 2d 68, we held that generally, where a trespass is committed *by defendant's advice or direction,* the contractual or other relation is immaterial in determining defendant's liability. In *Lewis* v. *Mays,* 208 Ark. 382, 186 S. W. 2d 178, appellant sent timber cutters into the woods, who cut timber from the appellee's land. The defense was that the cutters were independent contractors for whose acts the appellants were not liable. We held the appellants liable, saying: "The general rule applicable to the facts here is stated in § 85 of Cooley on Torts (4th Ed.) as fol-

lows: 'All who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor.' "

If there had been any evidence that the Capitol City Scale Company was acting as the agent of Tyson, then a case would have been made against Hinton. But we cannot say that the trespass by Capitol City Scale Company was caused by the act of Hinton or Tyson. In 127 A. L. R. 1015, there is an Annotation entitled, "Liability of grantor or lessor of property which he does not own to true owner for trespass by lessee or grantee"; and cases are reviewed from many jurisdictions. To the same effect see also American Law Institute's Restatement of the Law of Torts § 158. But in all the cases that we have found the trespassing person has been the grantee of the person who executed the instrument, or the agent or transferee of such grantee. Here, we find no evidence that the Capitol City Scale Company was in any wise the agent or the remote grantee of Tyson; and so we reverse the judgment and remand the cause for a new trial.

WARD, J., dissents.

PAUL WARD, Associate Justice (dissenting). I am unable to agree with the result reached by the majority. I do agree with the trial judge when he said: ". . . the defendant [Hinton] wrongfully exercised acts of ownership over the scales and constructively became a party to the conversion." It is admitted that Hinton sold the scales (which admittedly belonged to appellee) and collected the sales price of $250. It is admitted he stood by and watched the scales removed by the Capitol City Scale Company. In my opinion this placed the burden on Hinton (not on appellee) to show the Capitol City Scale Company was an imposter. Any other view almost amounts to a license to steal.

It is my opinion that this case is controlled by the principle of law stated in 89 C. J. S. *Trover & Conversion* § 134, page 622:

"In actions for conversion, the conversion must be established by a preponderance of the evidence, but it may be proved either directly or by inference, and may be shown by circumstantial evidence. Any evidence of an act of ownership or control wrongfully exercised over plaintiff's property will suffice as proof of a conversion."