# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2224

_____

| | | |
|---|---|---|
| William B. Benton; Frank G. Barton, Jr.; James H. Barton; Walter Edge; Gene Graves; Thomas H. Hoffman, Individually, & as Trustee of the Hoffman Family Revocable Living Trust; Erskin Hubbard; Jane Hubbard; Stephen Inzinna; Gene Jolley; Thomas M. Keesee, Jr.; Gray Langston; Charles Myers; Logan C B Young, Jr., Individually, & as Trustee of the Logan C.B. Young, Jr. Trust, and the Logan C.B. Young, III Trust; McBank and Company, Trustee for Jean Thomas; Osceola Investments, INC.; David Pearson; Sherry Pearson; Gary Prosterman; Smelley Family Investments, LLC; Harry L. Smith; Jean P. Thomas; Herbert Thomas; R. Bruce Thompson; Rick Turner; Charles M. West; Clare Williams; Kirby Williams; Young Family Limited Partnership; Nancy Zuerlein; Terrance Zuerlein, Trustee for the Zuerlein Educational Fund; Rex Jones; Leslie Jones; Bayou Bend Partners; Howard Kent; Russell E. McAlister, Jr.; Marge Sharpe; Mary Jordan | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| Plaintiffs - Appellants, | * * | |
| v. | * * | |

Merrill Lynch & Company, INC.,     *

                              *

        Defendants - Appellee     *

                              *

Refco, LLC,                    *

                              *

        Defendant.          *

———————

Submitted: January 14, 2008
Filed: May 5, 2008

———————

Before BYE, BEAM and GRUENDER, Circuit Judges.

———————

BYE, Circuit Judge.

William B. Benton and approximately forty other investors appeal the district court's[1] orders dismissing their Complaint and Amended Complaint for failure to state facts on which relief could be granted under two theories of recovery–violation of the Arkansas Securities Act and common law fraud. We affirm.

I

This action was filed by the plaintiffs (collectively the "investors") who had loaned money to David Howell, a self-described trader, in exchange for promissory notes, which guaranteed them a specific return on their investment. Sometime in 2001, in an effort to induce the investors to loan him money, Howell falsely represented "he had discovered a system of investment which was yielding returns of

———————

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

ninety percent."   Rather than invest their money for them, Howell advised the investors he would "borrow" the money as a loan, invest it as his own, and later pay them back the full amount of the loan plus a specified rate of return, which was considerably higher than the plaintiffs could obtain from banks or in the capital markets.  Howell misrepresented his net worth and falsely told investors half of the total funds he would invest belonged to him, when, in actuality, he obtained such funds fraudulently from another group of investors not involved in this litigation.

Relying on Howell's false representations, the investors obtained from Howell the written promissory notes which required him to pay back the loans plus a specified rate of return in monthly installments.  The notes also gave the investors the right to demand immediate payment of the principal and all accrued interest if Howell failed to timely pay any monthly installment of principal or interest.

According to the investors, in 2002, after Howell had obtained the money from them, he set up an institutional account at Merrill Lynch.  By the summer of 2002, Howell had lost all of the money the investors had loaned him and was unable to make the monthly payments required by the promissory notes.  Shortly thereafter, Howell committed suicide.

In June 2006, the Howell investors brought this action against Merrill Lynch, asserting claims for violation of the Arkansas Securities Act and common law fraud. The Complaint alleged Merrill Lynch allowed Howell to trade securities through an institutional account even though it knew or reasonably should have known: (1) Howell did not meet the requirements to trade through an institutional account and (2) Howell "was virtually impecunious and that in fact he was trading futures contracts using funds obtained from plaintiffs."  According to the investors, this conduct aided and abetted Howell in violating the Arkansas Securities Act and in perpetrating common law fraud upon them.

Merrill Lynch countered with a motion to dismiss the Complaint. The district court agreed in part and dismissed the plaintiffs' claims for violation of the Arkansas Securities Act. While the district court noted the Complaint lacked any allegation Merrill Lynch was aware of the fraudulent representations Howell made to the investors and questioned how Merrill Lynch could have aided and abetted such a fraud without being aware of the misrepresentations, it did not dismiss the investors' claim for common law fraud. Instead, the district court granted the investors additional time to amend their Complaint to "plead more facts relating to [Merrill Lynch's] participation in the fraud."

After the investors filed an Amended Complaint adding various allegations against Merrill Lynch, it again filed a motion to dismiss, and the district court granted said motion. Assuming the Arkansas Supreme Court would recognize a claim of fraud founded on a theory of aiding and abetting, the district court concluded such a claim would require that the alleged aider and abettor knowingly and intentionally assisted the fraudulent acts. Because the Amended Complaint lacked any allegation Merrill Lynch knowingly and intentionally assisted Howell's fraudulent representations to the investors, the district court concluded the Amended Complaint failed to state a claim on which relief could be granted.

The investors appeal the district court's orders, dismissing their claims for a violation of the Arkansas Securities Act and common law fraud.

II

We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim. Carter v. Arkansas, 392 F.3d 965, 968 (8th Cir. 2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. Id. at 1965 (internal citations omitted). Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997).

The investors' claim for a violation of the Arkansas Securities Act is based on aiding and abetting liability under Section 106(c). Section 23-42-106 of the Arkansas Securities Act makes any person who "sells a security by means of any untrue statement of a material fact" liable to the buyer of the security. Ark. Code Ann. § 23-42-106(a)(1)(B) (2000). A broker-dealer or agent "who materially aids in the sale of a security is jointly and severally liable with, and to the same extent as, the seller," Bristow v. Mourot, __ S.W.3d __, 2007 WL 2429441, *2 (Ark. Ct. App. Aug. 29, 2007), unless the nonseller can prove it "did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist," § 23-42-106(c).

The investors argue the allegations in the Complaint "reveal" Merrill Lynch materially aided Howell's unlawful sale of securities in violation of the Arkansas Securities Act. Specifically, they claim the Complaint adequately alleges "the notes sold by Howell to plaintiffs were 'securities' and Merrill Lynch helped Howell by providing an avenue for further 'investing' the funds Howell had procured from plaintiffs." Appellant's Br. at 24-25. Even if the investors are correct, these allegations do not state a claim under § 106(c).

To state a claim against Merrill Lynch under § 106(c), the investors needed to allege: (1) Howell sold them a security by means of a false statement of material fact; (2) they were unaware the statement was false; and (3) Merrill Lynch materially aided Howell's sale of the security to the investors. There is nothing in the Complaint

alleging Merrill Lynch aided, assisted, or was in any way involved in Howell's sale of the promissory notes. The fact Merrill Lynch may have "helped" Howell "by providing him an avenue for further investing" is irrelevant to whether it aided Howell's sale of the promissory notes to the investors. It is irrelevant because it occurred after Howell sold the promissory notes to the investors and, therefore, could not have aided the sale of the promissory notes.

Next, the investors argue the district court incorrectly concluded the investors would ultimately have the burden of proving Merrill Lynch had knowledge of Howell's false statements and, thus, were required to plead such knowledge in their Complaint. According to the investors, the Complaint contains sufficient allegations of Merrill Lynch's "status"[2] as Howell's broker-dealer and, therefore, the burden shifted to Merrill Lynch to prove its defense: it did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the seller's liability is alleged to exist. Such argument misunderstands the elements necessary to state a claim under § 106(c) for aiding and abetting.

It is not enough for the investors to allege Merrill Lynch was Howell's broker-dealer; they must also allege Merrill Lynch materially aided in the sale of the promissory notes. Only then would the burden shift to the broker-dealer to prove it lacked knowledge. The Complaint in this case does not allege Merrill Lynch aided Howell's sale of the promissory notes. Therefore, contrary to the investors' argument, it did not have the burden of alleging lack of knowledge.

---

[2]The investors allege Merrill Lynch acted as Howell's broker-dealer. The Complaint, however, alleges this relationship only with respect to Howell's trading of futures contracts and not with respect to Howell's sale of the promissory notes to the investors, which is the relevant sale of securities for the investors' claim under § 106(c).

Because the Complaint is devoid of any allegations which might establish Merrill Lynch materially aided Howell's sale of the promissory notes to the investors, the district court correctly concluded the investors failed to state a claim against the broker-dealer for a violation of the Arkansas Securities Act.

### III

Next, the investors argue the district court erred in dismissing their common law fraud claim. Under Arkansas law, the elements necessary to prove fraud are: (1) a false representation of a material fact; (2) knowledge of the representation being false or there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance on the representation; (4) justifiable reliance on the representation; and (5) damages suffered as a result of the reliance. Tyson Foods, Inc. v. Davis, 66 S.W.3d 568, 577 (Ark. 2002) (citations omitted).

Accepting as true the investors' allegations that: (1) Merrill Lynch should have known Howell was using his account to trade money provided by others, (2) Howell was losing large sums of money, and (3) Howell did not qualify for institutional investor status, such evidence would not establish Merrill Lynch committed fraud. The investors do not allege Merrill Lynch made a false representation on which the investors relied; indeed, the investors do not allege Merrill Lynch ever communicated with them.

Moreover, the allegations are insufficient to establish Merrill Lynch aided and abetted Howell's fraud. What the investors seek to hold Merrill Lynch liable for occurred prior to the time it became involved with Howell. Specifically, the investors allege Howell committed a fraud when he induced them to invest money (by purchasing promissory notes) through false representations. Only after Howell committed the alleged fraud did he obtain an account with Merrill Lynch to trade or otherwise deal in securities.

While under Arkansas law a party who aids or abets the commission of a tort is "jointly and severally liable therefor," Hinton v. Bryant, 367 S.W.2d 442, 444 (Ark. 1963), to establish such secondary liability, a plaintiff must show the party: (1) committed a tortious act in concert with the other or pursuant to a common design with him; or (2) knew the other's conduct constituted a breach of duty and gave substantial assistance or encouragement to the other so to conduct himself; or (3) gave substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person. Springdale Diagnostic Clinic v. Northwest Physicians, L.L.C., 2003 WL 22138591, *4 (Ark. Ct. App. 2003) (quoting Restatement (Second) of Torts § 876 (1979)).

Here, the Amended Complaint fails to allege Merrill Lynch: (1) committed a tortious act in concert with Howell; or (2) knew his conduct constituted a breach of duty, but nonetheless gave him substantial assistance; or (3) breached a duty owed to the investors by giving Howell substantial assistance in accomplishing the alleged fraud. The Amended Complaint alleges "Howell engaged in a series of misrepresentations" and lists a series of false statements and representations Howell made to the investors. It then alleges Howell "made these representations to plaintiffs full well recognizing that each was false with the intent to deceive them for his personal benefit." The Amended Complaint does not, however, allege Merrill Lynch assisted Howell in making these false statements or that it even knew of his misrepresentations to the investors.

Because the Amended Complaint does not include factual allegations which demonstrate Merrill Lynch assisted Howell's fraud or even had knowledge of the fraud, it fails to state a claim for common law fraud. Consequently, the district court was correct in dismissing the investors fraud claim against Merrill Lynch.

## IV

Accordingly, we affirm the district court's orders dismissing the investors' claims for a violation of the Arkansas Securities Act and common law fraud.

_____