# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1315

_____

| | | |
|---|---|---|
| Richard Clyde Adams; Wanda Marie Adams; Richard Michael Adams; Amanda Jean Ogle, also known as Adams; Eric Ogle, | * * * * * | |
| Appellants, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Eureka Fire Protection District; Gregory Brown; Patrick Butler; Gregory Light; Patrick Feder; Charles Kuhn; Donald Tomnitz; Francis B. Oberkramer, (Butch), | * * * * * * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: October 15, 2009
Filed: October 20, 2009

_____

Before BYE, BOWMAN and BENTON, Circuit Judges.

_____

PER CURIAM.

Plaintiffs Richard C. Adams, Wanda Adams, Richard M. Adams, Amanda Ogle and Eric Ogle appeal the district court's[1] dismissal of their action alleging, inter alia, a violation of the federal Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiffs sued under 42 U.S.C. § 1983, claiming that HIPAA creates a federal right that can be enforced through § 1983. The district court dismissed the federal claims under Federal Rule of Civil Procedure 12(b)(6), holding that HIPAA does not create a private right of action. Having dismissed the federal claims, the district court declined to exercise jurisdiction over the state claims and dismissed them without prejudice. On appeal, Plaintiffs argue that the district court erred in dismissing the complaint. The standard of review for dismissals under Rule 12(b)(6) is *de novo*. Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

Plaintiffs argue that the district court erred in holding that HIPAA does not create a federal private right that is enforceable through § 1983, because the court looked to cases holding that HIPAA does not create an implied right of action. "[W]hether a statutory violation may be enforced through § 1983 is a different inquiry than that involved in determining whether a private right of action can be implied from a particular statute." Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002). However, both inquiries have the same first step: determining whether a statute creates a private right. Id. at 285. The inquiries differ at the second step. For implied-right-of-action cases, the underlying statute must create a remedy; for § 1983 cases, the text of § 1983 creates the remedy. Id. at 284. Courts have repeatedly held that HIPAA does not create a private right in implied-right-of-action cases. See, e.g., Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006) (per curiam); Fast v. Fast, 2007 WL 2417384, at *2 (D. Neb. Aug. 23, 2007); Webb v. Missouri, 2007 WL 805797, at *2 (W.D. Mo. Mar. 14, 2007); Bradford v. Blake, 2006 WL 744307, at *3 (E.D. Mo. March 23, 2006); Bradford v. Semar, 2005 WL 1806344, at *3 (E.D. Mo. July 28,

---

[1] The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

2005); see also Fogle v. Mo. Dep't of Mental Health, 2008 WL 5234757, *2 (E.D. Mo. Dec. 15, 2008) ("Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act."). Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action. We hold that the district court properly dismissed Plaintiffs' federal claims for failure to state a claim.

The district court's order contains an ambiguous reference to the claims actually dismissed. The district court order dismissed "Counts I, II, III, V, VI, VII, VIII, IV, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVII, XIX and XX" for failure to state a claim. The district court then dismissed without prejudice "[t]he remaining counts of plaintiffs' complaint, which bring state-law claims." The district court's order does not mention Counts 9 and 18, but the court clearly intended to dismiss all of the federal claims before it. We therefore modify the district court's order to clarify that all of the federal claims were dismissed for failure to state a claim under Rule 12(b)(6). Even though neither party moved to dismiss Count 9, the district court acted within its discretion to *sua sponte* dismiss the claim. See Smith v. Boyd, 945 F.2d 1041, 1043 (holding that a district court may *sua sponte* dismiss a claim as long as the claim obviously fails and the dismissal does not precede service of process). For the reasons described above, Plaintiffs' § 1983 claims (including Count 9) clearly fail. The district court dismissed the claims after service of process, and in fact after Plaintiffs had filed an opposition to Defendants' motions to dismiss the other federal claims. The district court intended to dismiss all twenty federal claims, and had the authority to do so. We modify the judgment to clarify that Counts 1 through 20 were dismissed for failure to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(b)(6), and the remaining state claims were dismissed without prejudice.

The judgment of the district court is affirmed as modified.

_____