Christopher **FELDHACKER**, Plaintiff,

v.

Giovanti **HOMES**; MRD, L.L.; and Michael Demaris, Defendants.

. No. 4:15–cv–00169–JEG

United States District Court,
S.D. Iowa, Central Division.

Signed March 23, 2016

David Wayne Nelmark, Christine E. Bestor Townsend, Belin McCormick, P.C. Des Moines, IA, for Plaintiff.

Bradley M. Beaman, David N. May, Mitchell Garrett Nass, Bradshaw Fowler Proctor & Fairgrave, P.C., Matthew Sease, Kemp & Sease, Des Moines, IA, for Defendants.

## ORDER

JAMES E. GRITZNER, Senior Judge, U.S. DISTRICT COURT

Before the Court is a Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendants Giovanti Homes (Giovanti), MRD, L.L. (MRD), and Michael DeMaris (DeMaris) (collectively, Defendants). Plaintiff Christopher Feldhacker (Feldhacker) resists. The Court conducted a hearing on the motion on February 22, 2016. Attorney David Nelmark was present representing Feldhacker. Attorneys Bradley M. Beaman and Mitchell Nass were present representing Giovanti. Attorney Matthew Sease was present on behalf of MRD and DeMaris. The Court granted Mr. Sease's oral motion on behalf of MRD and DeMaris to join Giovanti's motion. The matter is fully submitted and ready for disposition.

## I. BACKGROUND

In reviewing the sufficiency of a complaint, "[the Court] accept[s] the plaintiff's factual allegations as true, but the allegations must supply facts sufficient to state a claim that is plausible on its face." *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir.2010).

On April 22, 2012, Feldhacker and his wife purchased design software for the purpose of designing a custom floor plan to be used in the construction of their new home. By May 18, 2012, after going through several drafts that consumed considerable time and effort, Feldhacker had a finalized floor plan (the Feldhacker Plan). Feldhacker, who is not an architect, commissioned DeMaris to make the Feldhacker Plan compliant with building codes and standards and to that end, on May 18, 2012, Feldhacker shared the Feldhacker Plan with DeMaris and gave him some additional specifications, including ceiling heights and a grocery pass-through door. On the same day, Feldhacker emailed DeMaris the Feldhacker Plan in electronic PDF format. On June 5, 2012, DeMaris produced a finalized floor plan (the Buildable Feldhacker Plan), for which Feldhacker paid DeMaris by check made payable to "Mike DeMaris."

In 2012, Liz Wilson, one of the owners of Giovanti, and Jennifer Schuller asked DeMaris to add technical specifications to a redesigned plan that Schuller had used to build her home. DeMaris subsequently provided Giovanti with a plan that Giovanti named the Naples Plan. Feldhacker alleges that DeMaris blatantly, willfully, and wrongfully copied substantial portions of the Buildable Feldhacker Plan into the Naples Plan. Feldhacker asserts that in the Buildable Feldhacker Plan and in the Naples Plan, several rooms and spaces are exactly the same, some of the rooms differ only slightly, and other rooms are substantially similar. According to Feldhacker, Giovanti used the Naples Plan, or derivations thereof, to construct and sell several houses in Iowa.

Feldhacker alleges that neither Giovanti nor DeMaris informed Feldhacker that his work had been copied into the Naples Plan. Rather, on January 29, 2015, Feldhacker first learned that Giovanti was selling homes substantially similar to Feldhacker's custom designed home when his wife discovered photos and plans on Giovanti's website and Facebook page.

Feldhacker's attorney provided notice to Giovanti and DeMaris of their copyright infringement by letters dated February 17,

2015, and March 10, 2015, respectively. Feldhacker argues that despite notification of infringement, Giovanti continues to promote, advertise, and seek to profit from the infringing Naples Plan.

On June 1, 2015, Feldhacker filed this lawsuit against Defendant pursuant to 17 U.S.C. § 101 et seq. alleging that at all relevant times, he has been the copyright owner with respect to the Feldhacker Plan; the Feldhacker Plan is the subject of a valid certificate of Copyright Registration effective February 10, 2015; Defendants have wrongfully copied constituent material from the Feldhacker Plan; Giovanti and DeMaris have both acted in willful disregard of Feldhacker's rights; and Feldhacker has suffered monetary harm and emotional distress as a result of Defendants' conduct. Feldhacker alleges he is entitled to actual damages and profits pursuant to § 504(b) for each infringing work commenced before the copyright registration effective date, statutory damages pursuant to § 504(c) for each infringing work commenced on or after the copyright registration effective date, and attorney fees and costs pursuant to § 505. Feldhacker further alleges he is entitled to injunctive relief pursuant to §§ 502 and 503.

Giovanti filed this motion to dismiss Feldhacker's claim for statutory damages and attorney fees under Rule 12(b)(6). Giovanti argues that under § 412, Feldhacker is not entitled to statutory damages and attorney fees because the copyright at issue in this case was registered after commencement of the infringement and that this rule applies to alleged acts of infringement that occurred before and after the registration of the copyright. Giovanti also moves to dismiss Feldhacker's request for emotional distress damages arguing those damages are not available under the Copyright Act.

## II. DISCUSSION

### A. Jurisdiction

Feldhacker brings this action alleging violations of the Copyright Act, 17 U.S.C. § 101 et. seq. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### B. Standard for the Motion

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir.2012) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### C. Statutory Damages and Attorney Fees under the Copyright Act

Section 504(c) of the Copyright Act provides:

(c) Statutory Damages—

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final

judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3)(A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection....

17 U.S.C. § 504(c)(1)-(3).

Section 505 of the Copyright Act provides that in a civil action, the court has the discretion to "allow the recovery of full costs by or against any party other than the United States or an officer thereof. *Except as otherwise provided by this title,* the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* § 505 (emphasis added).

However, Section 412 of the Copyright Act provides an exception to the award of statutory damages and attorney fees.

In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement,

or an action instituted under section 411(c), *no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—*

*(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or*

*(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.*

*Id.* § 412 (emphasis added).

■ Giovanti points out that Feldhacker and DeMaris worked together on the Feldhacker Plan during May and June 2012, and, accepting Feldhacker's allegations as true, DeMaris added technical specifications for the Naples Plan in 2012. Feldhacker, however, did not register the Feldhacker Plan until February 10, 2015, which was well after the alleged infringement commenced, and therefore statutory damages and attorney fees are unavailable for those alleged acts of infringement. Giovanti further argues statutory damages and attorney fees are unavailable for any alleged act of infringement occurring on or after February 10, 2015. In support of his argument, Giovanti cites *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143 (5th Cir.1992), as well as *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 701 (9th Cir.2008); *Bouchat v. Bon-Ton Dept. Stores, Inc.,* 506 F.3d 315, 330 (4th Cir. 2007); and *Johnson v. Jones,* 149 F.3d 494, 506 (6th Cir.1998).

Feldhacker resists Giovanti's motion arguing it defies common sense to interpret § 412 as allowing an infringer to avoid statutory damages on acts of infringement occurring after registering the copyright if the infringement commenced prior to registration. In support of his position, Feldhacker points to the "economic philosophy" behind copyright laws, which is to "advance public welfare through the talents of authors and inventors in 'Science and Useful Arts,'" *Mazer v. Stein,* 347 U.S. 201, 219, 74 S.Ct. 460, 98 L.Ed. 630 (1954) (quoting U.S. Const. art. I, § 8, cl. 8), and argues that "[h]olding that a copyright owner may not recover statutory damages for a post-registration infringement contradicts this well-established purpose and instead encourages continued infringement," Pl.'s Br. 3, ECF No. 12. Feldhacker opines that "[t]he basic logic in the continuing infringement doctrine is that if someone begins an infringement prior to registration (and thus without constructive notice of a copyrighted work), the completion of that infringement should not subject the infringer to statutory damages." Pl.'s Br. 3–4. According to Feldhacker, the way the doctrine applies, an infringer is insulated from statutory damages and attorney fees for subsequent infringement only to the extent that once the infringer is put on notice of its infringing conduct, the infringer could complete the project on which it is currently working. Feldhacker recognizes that the cases cited support Giovanti's position, but argues those cases are not from the Eighth Circuit. Citing *Interstate Hotel Co. of Nebraska v. Remick Music Corp.,* 157 F.2d 744, 745 (8th Cir.1946), Feldhacker contends that the incorporation of the Feldhacker Plan into the Naples Plan was *one* act of infringement but that every time Giovanti uses the Naples Plan to build a new home constitutes a new act of infringement, thus "[f]or those infringements that commenced after registration, statutory damages are appropriate." Pl.'s Br. 5–6 ("[J]ust as reproductions and public performances are different and distinct, the Defendants' copying of the Feldhacker plan into the Naples Plan is different and distinct from Giovanti's infringing conduct of constructing

houses based on the Feldhacker Plan."). The Court must disagree. Several courts have rejected the same argument advanced by Feldhacker.

In *Mason*, 967 F.2d at 142, the Fifth Circuit held that infringement of the same work that occurred before or after the registration of the copyright was not entitled to statutory damages. The court reasoned that while the plain language of § 412 was ambiguous, support for this interpretation came from the legislative history of § 412. *Id.* at 143. The *Mason* court considered § 504 in conjunction with § 412, and noted that

[u]nder this section, the total number of "awards" of statutory damages (each ranging from $500 to $20,000) that a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works. So if a plaintiff proves that one defendant committed five separate infringements of one copyrighted work, that plaintiff is entitled to only one award of statutory damages ranging from $500 to $20,000. And if a plaintiff proves that two different defendants each committed five separate infringements of five different works, the plaintiff is entitled to ten awards, not fifty. It would be inconsistent to read section 504 to include all of one defendant's infringements of one work within "an award of statutory damages," and then read section 412 to treat each infringement separately for purposes of barring that award.

*Id.* at 143–44 (footnote omitted). The court went on to reason that under § 504, a plaintiff may elect to recover statutory damages for *all* a defendant's infringements of any one work, *instead of* actual damages and profits. *Id.* at 144. Consequently, "if all of one defendant's infringements commenced after registration, the

plaintiff may not elect to recover statutory damages for some of those infringements and actual damages for the rest. *Id.* (citing H.R.Rep. No. 1476 at 161, reprinted in 1976 U.S.C.C.A.N. at 5659, 5777 ("Recovery of actual damages and profits under section 504(b) or of statutory damages under section 504(c) is alternative.")). The *Mason* court concluded "that a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration." *Id.*

The Ninth, Sixth, Fourth, Second, and First Circuits have reached the same conclusion as the *Mason* court. *See Derek Andrew*, 528 F.3d at 701 (joining the Fifth, Fourth, and Second Circuits and holding "that the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412," thus precluding the award of statutory damages and attorney fees); *Bouchat*, 506 F.3d at 330 (holding that the word commenced as used in § 412(1) instructs the tracing of post-registration infringing conduct back to the original infringement which preceded the copyright registration, and therefore the plaintiff could not pursue statutory damages against the infringer); *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir.2007) ("Under 17 U.S.C. § 412, a plaintiff may not recover statutory damages or attorney's fees for any infringement 'commenced' before the effective date of a copyright's registration. The courts have held, based on the provision's text, legislative history, and purpose, that a plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration."); *Venegas–Hernan-*

dez v. Sonolux Records, 370 F.3d 183, 194 (1st Cir.2004) ("The prevailing reading in the circuits is the one that we join: under § 504(c) the total number of 'awards' of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number of works that are infringed and the number of individually liable infringers and is unaffected by the number of infringements of those works."); Johnson, 149 F.3d at 505–06 (holding statutory damages are not available for later occurrences of ongoing infringement that occur after copyright registration reasoning that the purposes of § 412 would be "thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts. Under § 412, statutory damages and attorney's fees are reserved for infringers who had constructive notice that the work was covered by a valid copyright. Had [the infringer] checked the federal register when he first began his infringing activity, he would have discovered that [the plaintiff]'s copyright was not registered. If the incentive structure of § 412 is to be properly applied, then Johnson should not receive the reward of statutory damages, because he did not satisfy the requirement of prompt registration").

In addition, even if Feldhacker were to recover actual damages, he would not be entitled to recover statutory attorney fees. See, e.g., Robert R. Jones Associates, Inc. v. Nino Homes, 858 F.2d 274, 281 (6th Cir.1988) (affirming the award of actual damages for the infringer's unauthorized duplication and use of copyrighted architectural plans, but reversing the award of statutory attorney fees reasoning that "the copying of the plans, the infringing act, occurred in March 1983, after the copyrighted plans' first publication but before the registrations became effective," which therefore precluded the award of attorneys' fees under § 412 of the Copyright Act).

District courts in the Eighth Circuit have similarly dismissed claims for statutory damages and attorney fees where the alleged infringement commenced before, and continued after, the copyright registration. See, e.g., Dutch Jackson IATG, LLC v. Basketball Mktg. Co., 846 F.Supp.2d 1044, 1052 (E.D.Mo.2012) ("Under section 412, infringement 'commences' when the first act of infringement in a series of on-going discrete infringements occurs. Even when the plaintiff attempts to limit its claim of infringement to events that occurred after registration, § 412 prevents the recovery of statutory damages when the infringement commenced before registration of the copyright and continued after registration. As such, plaintiffs are not entitled to statutory damages and attorneys' fees under 17 U.S.C. § 412(2) as a matter of law and dismissal under Fed. R.Civ.P. 12(b)(6) is appropriate." (internal citations and quotation marks omitted)); Embroidery Library, Inc. v. Sublime Stitching, LLC, No. CIV 09–2766 JNE/AJB, 2010 WL 330321, at *2 (D.Minn. Jan. 20, 2010) ("[T]he date the alleged infringement of [the] copyrights began is no later than April 2009. The copyright registrations ... indicate that six of the seven copyrights were registered in May 2009, after the alleged infringement began and more than three months after the dates of first publication of the works. Accordingly, § 412(2) precludes ... recover[y] [of] statutory damages or attorney fees for the alleged infringement of those six copyrights." (footnotes omitted)).

In another district court case, Ez–Tixz, Inc. v. Hit–Tix, Inc., 919 F.Supp. 728, 736 (S.D.N.Y.1996), the court's explanation for dismissing statutory damage claims on a motion to dismiss is instructive.

The acts of infringement alleged in this case are not distinct but on-going. In its own pleadings the plaintiff alleges that the defendant infringed its copyright in the Program from October 1990 to the present every time Hit Tix used the Program to issue a ticket. The infringement that allegedly occurred prior to March 1993 is therefore the same infringement that commenced in October 1990 and that has allegedly continued.

Factual issues do not preclude a determination that the plaintiff is ineligible for statutory damages and attorney's fees. The plaintiff's own complaint alleges that the infringement began in October 1990. The issue in dispute between the parties is not when the infringement started but whether there was any infringement at all. If the defendants are found liable for infringement at trial, this infringement began prior to March 1993. In addition, a decision on the availability of statutory remedies is not premature because the plaintiff's pleadings contain a request for an award of statutory damages as well as attorney's fees.

Accordingly, even if there is ultimately a finding that the defendants infringed the plaintiff's copyright, the plaintiff would not be entitled to elect statutory damages or to receive attorney's fees.

*Id.* (internal citation omitted).[1]

Feldhacker's complaint alleges the commencement of Defendants' alleged infringement of the Feldhacker Plan was in May or April 2012 and that the registration of the copyright for the Feldhacker Plan occurred in February 2015. The complaint concedes alleged acts of infringement prior to February 2015 are not entitled to statutory damages. This Court is fully convinced by the foregoing analysis from several courts. Thus, despite Feldhacker's argument to the contrary, § 412 also precludes Feldhacker from recovery of statutory damages and attorney fees for *all* Defendants' alleged acts of infringement of the Feldhacker Plan, both before and after the copyright was registered. Because § 412 precludes the award of stat-

---

1. In *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 771 (11th Cir.1996) (Bright, J., dissenting), the Honorable Myron Bright, U.S. Circuit Judge for the Eighth Circuit Court of Appeals sitting by designation, authored a dissenting opinion on the issue of statutory damages under the Copyright Act. Judge Bright reasoned that the district court had misapplied § 504(c) in granting an award of statutory damages for each episode of infringement rather than one award for each work infringed. *Id.* Judge Bright observed "that the text of section 504(c)(1) of the Copyright Act and the case law interpreting that Act make clear that the statute allows only one award of statutory damages for each *work* infringed." *Id.* (citing *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143–44 (5th Cir. 1992) ("Under [§ 504], the total number of 'awards' of statutory damages ... a plaintiff may recover in any given action depends on the number of works that are infringed and the number of individually liable infringers, regardless of the number of infringements of those works. So if a plaintiff proves that one defendant committed five separate infringements of one copyrighted work, that plaintiff is entitled to only one award of statutory damages."), and *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C.Cir.1990) ("The district court erred in assessing damages based upon six 'violations,' mistakenly focusing on the number of infringements rather than on the number of works infringed. Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.").

While Judge Bright's dissent in *Feltner* does not constitute an Eighth Circuit holding on the issue, we do know that at least one judge on the Eighth Circuit agrees with those circuits having decided the issue that for purposes of statutory damages under the Copyright Act, the plaintiff is entitled to only one award of statutory damages for all acts of infringement of the same work by the same defendant.

utory damages and attorney fees, Feldhacker's claim for that relief must be dismissed.

### D. Emotional Distress Damages

■ Giovanti also moves to dismiss Feldhacker's claim for emotional distress damages arguing § 504(b) only anticipates economic damages, and that courts having addressed the issue have found emotional distress damages are not available under the Copyright Act. *See Garcia v. Google, Inc.*, 786 F.3d 733, 745 (9th Cir.2015) ("[A]uthors cannot seek emotional distress damages under the Copyright Act, because such damages are unrelated to the value and marketability of their works." (citing *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir.2002) (rejecting copyright damages where "the infringement did not in any way influence the market value" of a piece of outdoor artwork but instead boiled down to the author's "personal objections to the manipulation of his artwork")); *Shell v. Henderson*, No. 09–CV–00309–MSK–KMT, 2013 WL 4838907, at *4 (D.Colo. Sept. 10, 2013) ("[T]he Copyright Act does not offer tort-like damages for 'pain and suffering,' [or] 'emotional distress'....").

In *Smith v. NBC Universal*, No. 06 Civ. 5350(SAS), 2008 WL 483604, at *2 (S.D.N.Y. Feb. 22, 2008), the court reasoned that under certain circumstances, emotional damages may be available on a copyright claim.

> [N]o party has located any decision where emotional damages have been awarded on a copyright claim, or were considered as a factor in determining statutory damages. On the contrary, the only relevant case either party has provided the Court holds that emotional damages are not recoverable under the Copyright Act. Nonetheless, [the court] conclude[s] that damages for emotional harm may be recovered in a copyright action, though only where such harm is

foreseeable. For example, a plaintiff whose personal, copyrighted documents (such as a private diary) were distributed without her consent would have a strong argument for recovery of emotional damages.

*Id.* (footnotes omitted). The court concluded, however, that under the facts of the case, "[e]vidence of emotional damages is inappropriate ... [because] emotional damage to Smith following the airing of a thirty-seven second clip of a video that he had previously licensed for national broadcast was not foreseeable." *Id.* (footnotes omitted).

Like the dissemination of the video clip in *Smith*, emotional damage resulting from the distribution of building plans is similarly unforeseeable. Thus, assuming without deciding that the Court adopted the rationale allowing emotional damages in a copyright infringement action when such harm is foreseeable, the nature of the disseminated material in the present case, like the video clip in *Smith*, is not of a particularly intimate nature, and therefore emotional harm would not have been foreseeable. Furthermore, not only was the Feldhacker Plan not copyright protected at the time Feldhacker sent the Feldhacker Plans to DeMaris, Feldhacker never required nor discussed confidentiality, which suggests Feldhacker was not concerned about privacy or privity at the time he retained DeMaris to convert his plans into a buildable format. Feldhacker's apparent lack of safeguarding the Feldhacker Plan does not resolve the question of whether Defendants' use of the plans constitutes infringement, however his conduct does demonstrate that emotional distress would not be plausibly foreseeable. Thus, whether the Court applies the holding in *Garcia* that non-pecuniary, tort-like damages such as emotional distress damages are not available under the Copyright Act or the rationale used in Smith that emotional damages

may be available under the Copyright Act only where such harm is foreseeable, Feldhacker's claim for emotional damages fails.

## III. CONCLUSION

Under the facts of this case, Feldhacker has not stated a claim under the Copyright Act for either statutory damages and attorney fees or for emotional distress damages. For the reasons provided, Giovanti's motion for partial dismissal, ECF No. 9, must be granted.

**IT IS SO ORDERED.**