## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPE LEE-THOMAS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 18-591 (RC) |
| | : | |
| v. | : | Re Document No.: 3 |
| | : | |
| LAB CORP, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT LABCORP'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Hope Lee-Thomas brings suit against Defendant Laboratory Corporation of America ("LabCorp") for failing to protect her privacy and confidentiality in violation of the Health Insurance Portability and Accountability Act ("HIPAA"). LabCorp moved to dismiss on the ground that Ms. Lee-Thomas's complaint failed to state a claim upon which relief can be granted because HIPAA does not provide individuals with a private cause of action. For the reasons set forth below, the Court grants LabCorp's motion and dismisses Ms. Lee-Thomas's case.

### II. FACTUAL BACKGROUND[1]

Hope Lee-Thomas was a patient at Providence Hospital in Washington, D.C. on June 15, 2017, where she received treatment from Defendant, LabCorp. Compl. at 3, ECF No. 1-1.[2] Ms. Lee-Thomas was instructed by a LabCorp technician to submit her medical information using a

---

[1] At the motion to dismiss stage, the Court accepts the plaintiff's factual allegations as true. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

[2] Unless indicated otherwise, all relevant documents are filed under ECF No. 1-1. The citations are paginated in relation to each individual document therein.

computer intake station on the premises. Pl.'s Att'y Letter ("Letter") at 1. LabCorp's computer intake station was in close proximity to a Quest Diagnostics intake station, and Ms. Lee-Thomas's personal health information was visible to another patient who was using the Quest Diagnostics station. Compl. at 3. When Ms. Lee-Thomas realized her health information was being disclosed within eyesight and earshot of another patient, she informed a LabCorp technician of the violation and photographed the two stations in question. *Id.*

On July 3, 2017, Ms. Lee-Thomas sent a letter to Providence Hospital informing them of possible HIPAA privacy violations. *See* Letter. She then filed a complaint with the Department of Health and Human Services's ("HHS") Office of Civil Rights. HHS Compl. at 2. On October 10, 2017, Ms. Lee-Thomas filed an additional complaint with the District of Columbia's Office of Human Rights ("OHR") citing LabCorp's failure to make proper "public accommodations" by maintaining non-HIPAA compliant facilities. Compl. at 2–3.

Both of Ms. Lee-Thomas's administrative complaints were unsuccessful. *See* HHS Resp.; OHR Resp. On November 15, 2017, HHS informed Ms. Lee-Thomas the agency would not pursue her claim. HHS Resp. at 1–3. On November 28, 2017, the District of Columbia alerted Ms. Lee-Thomas that her complaint was similarly dismissed based on her failure to state a claim. OHR Resp. at 1–2. The District of Columbia informed Ms. Lee-Thomas of her right to bring a private action before the D.C. Superior Court and Ms. Lee-Thomas proceeded to do so. *Id.* at 2. LabCorp removed the case to this Court pursuant to 28 U.S.C. § 1446. Def.'s Notice of Removal ("Notice"), ECF No. 1.

Before the Court is LabCorp's motion to dismiss pursuant to Rule 12(b)(6) on the ground that Ms. Lee-Thomas failed to state a claim because HIPAA does not provide for a private cause

of action. Fed. R. Civ. P. 12(b)(6); Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 3. For the forthcoming reasons, the Court grants LabCorp's motion to dismiss.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits, but rather whether a plaintiff has properly stated a claim upon which relief may be granted. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court considering a motion to dismiss presumes the complaint's factual allegations are true and must construe them in the light most favorable to the plaintiff. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Assuming all factual allegations are true, a plaintiff's right to relief must rise above "the speculative level." *Twombly*, 550 U.S. at 555–56 (2007) (citations omitted).

Because she has filed this lawsuit *pro se*, Ms. Lee-Thomas's claim is held to a "less stringent standard than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That being said, *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and the Court need not assume the role of plaintiff's advocate. *See Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015)

("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

## IV. ANALYSIS

Ms. Lee-Thomas alleges that the public nature of LabCorp's medical intake computer station violated HIPAA's privacy protections. Compl. at 3. LabCorp contends that no private cause of action exists under HIPAA and, as such, Ms. Lee-Thomas's claim should be dismissed for failure to state a claim. Def.'s Mot at 1–2. Additionally, after LabCorp moved for dismissal on March 16, 2018, Ms. Lee-Thomas failed to file a timely memorandum of points and authorities in opposition to LabCorp's motion and, therefore, pursuant to Local Rule 7(b), conceded her opposition to the motion. *See* Local Civ. R. 7(b). The Court will address both grounds for dismissal below.

### A. Private Cause of Action Under HIPAA

LabCorp asserts that dismissal of Ms. Lee-Thomas's claim is appropriate because HIPAA provides for no private cause of action. Def.'s Mot. 1–2. HIPAA regulates the confidentiality of medical information by imposing privacy requirements on the Department of Health and Human Services, healthcare providers, and insurers. *See* Health Insurance Portability and Accountability Act, Pub. L. No. 104-191, § 262 (codified as 42 U.S.C. §§ 1320d to d-8); *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004). While the statute provides both civil and criminal penalties for improperly handled or disclosed information, the language of the statute specifically limits enforcement action to HHS and individual states' attorneys general. *See* 42 U.S.C. §§ 1320d-5 to d-6 (defining terms and enforcement protocol); *Hudes v. Aetna Life Ins., Co.*, 806 F. Supp. 2d 180, 196 (D.D.C. 2011), *aff'd*, 493 F. App'x 107 (D.C. Cir. 2012). Furthermore, courts in this and other circuits that have considered the question have reached a

consensus that the statutory language of HIPAA grants no private right of action. *See, e.g.*, *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138–39 (8th Cir. 2009) (noting that "Courts have repeatedly held" that HIPAA does not create a private right of action); *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that the statute does not support a private right of action."); *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 90 (D.D.C. 2014) (finding that plaintiff's complaint lacked cognizable legal theory because HIPAA provides no private cause of action); *Hudes*, 806 F. Supp. 2d at 195–96 (collecting cases indicating no private HIPAA cause of action); *Johnson v. Quander*, 370 F. Supp. 2d 79, 100 (D.D.C. 2005) (dismissing HIPAA claim involving disclosure of medical information because no private cause of action existed), *aff'd*, 440 F.3d 489 (D.C. Cir. 2006).

LabCorp's alleged HIPAA violation is the only cause of action Ms. Lee-Thomas has included in her case. Compl. at 2–3. Given the statutory language and the clear consensus among courts that have addressed the question, no private action exists under HIPAA and accordingly Ms. Lee-Thomas has failed to state a claim upon which relief can be granted.[3]

### B. Plaintiff's Failure to Respond to the Motion Under Local Rule 7(b)

While this Court does not recognize a private cause of action under HIPAA, even if Ms. Lee-Thomas's complaint had stated a cognizable claim, Ms. Lee-Thomas's failure to respond to LabCorp's motion to dismiss further necessitates dismissal of her case. *See* Local Civ. R. 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing

---

[3] Although the D.C. OHR informed Ms. Lee-Thomas of her ability to pursue a private action in D.C. Superior Court, *see* OHR Resp. at 2, OHR was referring solely to a claim pursuant to the D.C. Human Rights Act, which plaintiff does not raise here. *See* D.C. Code §§ 2-1402–1403; OHR Resp. at 2.

party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.") Though this circuit has rejected the application of this standard to motions for summary judgment, *see Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016), it remains in place for motions to dismiss. *Id.* at 508 ("[N]othing in this opinion is meant to address the applicability of Local Rule 7(b) to motions other than motions for summary judgment"); *see, e.g.*, *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 484 (D.C. Cir. 2016) (affirming district court decision to grant motion to dismiss as conceded under local rule); *Habliston v. FINRA Dispute Resolution, Inc.*, 251 F. Supp. 3d 240, 245 (D.D.C. 2017) (applying Local Civ. R. 7(b) to motion to dismiss).

Thus, when a plaintiff fails to address or respond to a motion to dismiss, as happened here, the Court may treat that motion as conceded. *See* Local Civ. R. 7(b). LabCorp filed a motion to dismiss on March 16, 2018. *See* Def.'s Mot. at 3. The Court ordered Ms. Lee-Thomas to file a response by April 25, 2018. Fox/Neal Order at 2, ECF No. 8. Ms. Lee-Thomas never filed a response, and therefore, under Local Rule 7(b), the matter is conceded.

## V. CONCLUSION

For the foregoing reasons, Defendant LabCorp's Motion to Dismiss (ECF No. 3) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 15, 2018                                    RUDOLPH CONTRERAS

                                                   United States District Judge